Windsor,
*February,*
1842.

Austin
*v.*
Tilden and
Taylor.

SAMUEL AUSTIN, JR., *v.* JOSEPH F. TILDEN and AUGUSTUS TAYLOR.

When a sheriff sells property on execution, as the property of the judgment debtor, but which is in fact owned by another person, the purchaser, if he does not take immediate possession, acquires no property as against the owner, and cannot maintain an action of trespass against him for taking and converting the property to his own use.

TRESPASS for taking a stage sleigh.

Plea, the general issue, and trial by jury.

On the trial in the county court, the plaintiff introduced testimony tending to prove that he, with one Dow, now deceased, purchased the sleigh in question, at a sheriff's sale, on an execution against one John Cook, and left it in possession of one Putnam, and in the same situation in which it was placed by said Cook, previous to its being taken on the execution, upon which it was sold, as aforesaid, where it remained till taken away by defendants, as hereinafter stated.

The defendants introduced testimony, tending to prove that, before the sleigh was taken on execution, the defendant, Tilden, purchased it of said Cook, in part payment of a debt then *bona fide* due from said Cook, and immediately gave notice of said purchase to said Putnam, in whose possession said sleigh then was, and requested said Putnam to take care of it for him; that after the sale of the sleigh on said execution, the said Taylor, by direction of the said Tilden, took said sleigh away and put it to their own use. Upon this evidence the defendants requested the court to charge the jury, that if they believed, from the testimony, that Tilden *bona fide* purchased the sleigh while it was in Putnam's possession, and gave notice of said purchase to said Putnam, and requested him to take care of said sleigh for him, before it was seized or taken in execution, the defendants were jus-

Windsor,
February,
1842.

Austin
*v.*
Tilden and
Taylor.

tified in taking said sleigh, and the plaintiff could not recover. But the court refused so to charge the jury, and did charge them, that, if they believed, from the testimony, that the plaintiff purchased said sleigh at a regular sheriff's sale, it vested the title in him, and that he had a right to recover, notwithstanding the defendants, at the time of such sale, were the absolute and *bona fide* owners of it, and had done all the law required in taking possession of it. To which charge the defendants, after verdict and judgment for plaintiff, excepted.

————————, for defendants.

A sheriff can convey no better title than he himself had to property sold by him.

The owner of property can reclaim it, peaceably, even from a sheriff. *Spaulding* v. *Austin*, 2 Vt. R. 555. *State* v. *Miller*, 12 Do. 437. See, also, 1 Johns. R. 470, 480. 6 Do. 44. *Cushman* v. *Cilley*, 12 Vt. R. 495.

*A. P. Hunton* and *O. P. Chandler*, for plaintiff.

I. We think that the character of these sales entitles them to more weight and validity than ordinary sales. They are made by a public officer in a public manner, having the apparent authority and sanction of law. It is an act of government, through its agent, after public notice by such agent, thus inviting innocent purchasers to buy. So public are they, and so free from any presumption of fraud in the purchaser, that no change of possession is held necessary.

II. Upon grounds of public policy these sales ought to be established. The common law proceeds upon the principle that sales in market overt should be established for the support and benefit of trade. Much more does public policy require that sheriffs' sales should be established. 2 Kent's Com. 324.

This would occasion no essential injury to the real owner of property, for the reason that the sale is so public that he will have sufficient evidence to establish his remedy, and of course he can establish the title to his own property.

It can be no injury to the sheriff, for he is liable at all events, and by an indemnity he can always protect himself; also by making the purchaser safe he will receive a better

price for the article, with which to respond damages to the real owner.

Windsor,
February,
1842.

Austin
v.
Tilden and
Taylor.

The adoption of this rule is of great importance as respects the interest both of debtor and creditor, that property thus sold may command its value, which it will not do unless the purchaser is protected in his purchase, and as so large an amount of property is transferred in this manner, this is a matter of no small consideration. *Bates* v. *Carter*, 5 Vt. R. 608. *Cilley* v. *Cushman*, 12 Vt. R. 497. *Heacock* v. *Walker*, 1 Tyler's R. 338. *Gates* v. *Gaines*, 10 Vt. R. 351.

The opinion of the court was delivered by

WILLIAMS, Ch. J. — In this case it appears that Tilden, one of the defendants, purchased the property, for which this suit is brought, of the former owner; and that one Putnam,who had it in custody, was notified of the sale, and agreed to keep it for the purchaser. The sale was *bona fide*, and, while the property was in the possession of the bailee of the purchaser, the defendants took it away, and for this taking the plaintiff, who claims the property, has brought this action. The claim of the plaintiff is under a purchase at a sheriff's sale.

Whether such a sale is equivalent to a sale in market overt, is not decided in this case ; as it is not necessarily involved in the decision of the question before us. It cannot be denied that the authorities of the courts in Great Britain, and in the state of New York, are against the position that such a sale passes any property to the purchaser, if the judgment debtor had no property in the goods sold. It would be with very great reluctance that I should be induced to adopt a principle not sustained by those authorities. From the case reported in Tyler, it appears that a different opinion has been entertained in this state, sanctioned by a judicial decision, and possibly whenever it becomes necessary to pass directly on the question, it may be decided either way, and the decision sustained by authority. The members of the court now present are not fully agreed on the question, and do not deem it proper to express any opinion upon it.

The case of *Cilley* v. *Cushman*, 12 Vt. R. 494, is decisive of the case now before us. The sleigh, when sold to the plaintiff, was not in the possession of the judgment debtor, Cook, but was in that of the bailee of one of the present defendants.

The plaintiff never took possession of the property purchased. No title passed to him, as against the defendant, Tilden, who appears to have been the owner. The plaintiff cannot, therefore, maintain this action, either against the defendant, Tilden, or the other defendant, Taylor, who acted under the direction of Tilden in taking the property in dispute. The judgment of the county court is therefore reversed.